(4 Misc. Rep. 597; mem. report without opinion.)

ENRIGHT v. SEYMOUR.

(Common Pleas of New York City and County, General Term.   June 5, 1893.)

APPEAL—SUFFICIENCY OF EVIDENCE.

In an action for money paid at defendant's request, plaintiff testified to the making of such a request by defendant, and defendant denied it. A number of witnesses testified that plaintiff's reputation for truth was bad. *Held*, that a judgment for plaintiff would be reversed as against evidence.

Appeal from tenth district court.

Action by Jeremiah Enright against James M. Seymour for money paid at defendant's request.   From a judgment for plaintiff, defendant appeals.   Reversed.

Henry Thompson, for appellant.
Samuel E. Duffey, for respondent.

BISCHOFF, J.   Upon all the evidence I am decidedly of the opinion that the judgment of the court below is emphatically against the weight of the evidence, and that it should be reversed, and a new trial ordered.   Plaintiff sued defendant to recover the sum of $250, which he claimed to have paid to one John Perdue at defendant's request, for the purpose of effecting a settlement of differences between defendant and one Michael Crogan, which arose from an altercation between Crogan and defendant's son and servants. Assuming the evidence to be sufficient to show that plaintiff paid the sum to Perdue, it still remained to ascertain that it was so paid at defendant's request; and the burden of proof in that respect rested with plaintiff.   The latter testified to the fact of such a request.   Defendant testified in denial of it.   This at most created a conflict of testimony, which the trial justice could determine upon the degree of credibility which he saw fit to attach to the statements of the witnesses, respectively, after making due allowance for their personal interests in the result of the litigation, and their manner and appearance on the witness stand; and with his determination under such circumstances only we should hesitate to interfere.   But there was also testimony of a number of witnesses from which it appeared that plaintiff's general reputation for truth and veracity was bad, and that he was not to be believed under oath.   A due consideration of that evidence cannot, in my opinion, fail to determine the preponderating effect of all the evidence in defendant's favor.   The judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event.

PRYOR, J.   I concur with Judge BISCHOFF in the conviction that plaintiff's story is incredible, and his claim altogether untenable.